### J. C. WILLIAMS v. STATE.

No. A-3947.  Opinion Filed April 4, 1922.
Rehearing Denied Nov. 28, 1922.
(200 Pac. 315.)

Appeal from County Court, Okmulgee County; P. A. M. Hoodenpyl, Judge.

J. C. Williams was convicted of violating the prohibitory law, and he appeals. Affirmed.

E. M. Carter and C. A. Dickson, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, J. C. Williams, was tried and convicted and his punishment fixed at confinement for 60 days in the county jail and a fine of $200. From the judgment rendered on the verdict he appeals.

The information charged that on the 4th day of October, 1920, in said county, the defendant did unlawfully have in his possession 48 gallons of tincture of Jamaica ginger, being a compound containing as much as one-half of 1 per cent. of alcohol, measured by volume, and capable of being used as a beverage, with the intention of selling the same.

The evidence shows that the defendant, a licensed pharmacist, conducted a drug store in Okmulgee; that a deputy sheriff went to the place of business of the defendant with a search warrant and found a barrel containing 40 gallons of tincture of Jamaica ginger; there was testimony also showing that said Jamaica ginger contained more than 90 per cent. alcohol, measured by volume.

When the state rested the defendant requested the court to instruct the jury to return a verdict of acquittal, which the court refused to do, and the defendant excepted.

As a witness on his own behalf the defendant testified that he did have in his possession an unopened barrel of Jamaica ginger, seized by said deputy sheriff; that the reason for getting this large quantity in one shipment was because he had shipped it in smaller quantities by express, in glass jars, and it disappeared in transit.

The defendant offered in evidence regulation No. 60 of the Treasury Department, Bureau of Internal Revenue, and particularly article 17, § 94, which reads:

"Jamaica ginger may not be sold by a retail druggist or other person to a consumer in quantities exceeding 1 or 2 ounces at one time except that in unusual circumstances the consumer may file an application on form 1404 without bond and obtain permit on form 1405 to purchase such preparation in greater quantities and may then procure the same in the quantity indicated in his permit on furnishing permit to pur-

chase on form 1410 under the procedure provided by article 8."

It is contended that the evidence is insufficient to support the verdict and judgment of conviction.

As we view the law the defendant is guilty on his own testimony. The provisions of the Revenue Act introduced in evidence do not constitute a lawful justification for such possession. The judgment herein is therefore affirmed.